[Cite as *In re K.M.*, 2024-Ohio-1395.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: K.M. | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Andrew J. King, J.<br><br>Case No. 24CA000002<br><br>O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDINGS: | Appeal from the Guernsey County Court of Common Pleas, Juvenile Division, Case No. 23JG00337 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | April 12, 2024 |
| APPEARANCES: | |

For Plaintiff-Appellee

For Defendant-Appellant

SCOTT T. HILLIS
Law Office of Scott T. Hillis, L.L.C.
3670 Harmony Lane
Zanesville, Ohio 43701

*Hoffman, J.*

**{¶1}** Defendant-appellant Heather North (hereinafter "Mother") appeals the judgment entered by the Guernsey County Common Pleas Court, Juvenile Division, awarding legal custody of her daughter, K.M., to Plaintiff-appellee, Amy Stewart, the child's paternal grandmother (hereinafter "Grandmother").[1]

STATEMENT OF THE CASE[2]

**{¶2}** Grandmother filed a motion in the Guernsey County Common Pleas Court, Juvenile Division, seeking legal custody of K.M. Although Guernsey County Children's Services was involved with the family, they are not a party to the custody case, and had not filed a complaint alleging the child was dependent, neglected, or abused. The case proceeded to a hearing before a magistrate on December 20, 2023, at which both parties appeared pro se.

**{¶3}** The magistrate found the testimony presented at the hearing established Mother was moving in the right direction in addressing the concerns of Children's Services. However, concerns remained about domestic violence between Mother and Father. The magistrate found both parents resided at the same hotel, and Mother did not provide a safe living environment for K.M. The magistrate found "the best interests of [K.M.] are served by placing her in the legal custody of Amy Stewart." Decision of Magistrate, December 21, 2023. The trial court adopted the report of the magistrate as the decision of the court by judgment entry timestamped the same date and time as the decision of the magistrate.

---

[1] Grandmother has not filed a brief in the instant appeal.
[2] A rendition of the facts is not necessary for resolution of the issues raised on appeal.

**{¶4}** It is from the December 21, 2023, judgment of the trial court Mother prosecutes her appeal, assigning as error:

I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY AWARDING LEGAL CUSTODY OF K.M. TO A NON-PARENT WITHOUT FINDING BY A PREPONDERANCE OF THE EVIDENCE THAT THE PARENTS WERE UNSUITABLE.

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY GRANTING CUSTODY OF K.M. TO THE APPELLEE WITHOUT FIRST APPOINTING A GUARDIAN AD LITEM FOR THE MINOR CHILD.

**{¶5}** This case comes to us on the accelerated calendar. App.R. 11.1, which governs accelerated calendar cases, provides, in pertinent part:

(E) Determination and judgment on appeal.

The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.

The decision may be by judgment entry in which case it will not be published in any form.

**{¶6}** This appeal shall be considered in accordance with the aforementioned rule.

I.

**{¶7}** In her first assignment of error, Mother argues the trial court erred by applying the wrong legal standard to a custody determination between a parent and a nonparent.

**{¶8}** At the outset, we note Mother failed to file objections to the magistrate's decision. We also note the trial court filed its decision stamped "final appealable order" on the same date and at the same time the magistrate's decision was filed, the day after the hearing. Juv. R. 4(D)(3)(b)(iv) provides:

> (iv) Waiver of Right to Assign Adoption by Court as Error on Appeal. Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Juv.R. 40(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Juv.R. 40(D)(3)(b).

**{¶9}** Based on this Rule, in the absence of an objection, we review this issue for plain error.

**{¶10}** The Ohio Supreme Court has set forth the standard applicable to a custody proceeding between a parent and nonparent:

Ohio courts have sought to effectuate the fundamental rights of parents by severely limiting the circumstances under which the state may deny parents the custody of their children. *In re Perales* (1977), 52 Ohio St.2d 89, 6 O.O.3d 293, 369 N.E.2d 1047, syllabus. Accordingly, we have held that in a child custody proceeding between a parent and nonparent, a court may not award custody to the nonparent "without first determining that a preponderance of the evidence shows that the parent abandoned the child; contractually relinquished custody of the child; that the parent has become totally incapable of supporting or caring for the child; or that an award of custody to the parent would be detrimental to the child." Id. If a court concludes that any one of these circumstances describes the conduct of a parent, the parent may be adjudged unsuitable, and the state may infringe upon the fundamental parental liberty interest of child custody.

Thus, a finding of parental unsuitability has been recognized by this court as a necessary first step in child custody proceedings between a natural parent and nonparent.

**{¶11}** *In re Hockstok*, 98 Ohio St.3d 238, 2002-Ohio-7208, 781 N.E.2d 971, ¶¶ 17-18.

**{¶12}** The trial court applied a "best interests" standard to the custody determination, finding the award of legal custody to Grandmother to be in K.M.'s best interests. The trial court failed to make a finding Mother was unsuitable, which was a necessary first step in the instant custody proceeding between Mother and Grandmother.

We find the failure to make the required finding of unsuitability is plain error in the instant case.

**{¶13}** The first assignment of error is sustained.

II.

**{¶14}** In her second assignment of error, Mother argues the trial court erred in failing to appoint guardian ad litem for K.M.

**{¶15}** Juv. R. 4(B)(2) provides:

(B) Guardian ad Litem; When Appointed. The court shall appoint a guardian ad litem to protect the interests of a child or incompetent adult in a juvenile court proceeding when:

(2) The interests of the child and the interests of the parent may conflict[.]

**{¶16}** The plain language of Juv.R. 4(B) mandates appointment of a guardian ad litem when the interests of the child and the parent "may" conflict. Nevertheless, "the juvenile court is in the best position to weigh the relevant facts in determining whether a potential conflict of interest exists between the parent and child." *In re Sappington*, 123 Ohio App.3d 448, 453–454, 704 N.E.2d 339 (1997), *citing Trickey v. Trickey*, 158 Ohio St. 9, 13, 47 O.O. 481, 106 N.E.2d 772 (1952). Therefore, an abuse of discretion standard applies to the trial court's decision whether to appoint a guardian ad litem. *Sappington* at 454, 704 N.E.2d 339. Thus, the relevant question is whether the record below "reveals a strong enough possibility of conflict of interest between [the legal guardians] and child to

show that the juvenile court abused its discretion" by not appointing a guardian ad litem. *Id.* A juvenile court should be more sensitive to potential conflicts of interest under Juv.R. 4(B)(2) when there is no other person to protect the interests and rights of the juvenile. *Id.* at 455.

**{¶17}** We find the trial court abused its discretion in failing to appoint a guardian ad litem for the child. The child did not have an attorney, and none of the parties were represented by counsel. The court found concerns of domestic violence was ongoing between Mother and Father, with the parents telling opposing stories to the caseworker about their relationship. The court found Mother could not provide K.M. with a safe and secure living environment. The case involved a custody dispute between the Mother and the Grandmother, in which it is apparent the interests of Mother may conflict with those of the child concerning custody. Under these circumstances, we find the record demonstrates a strong possibility of a conflict of interest between Mother and the child, and the trial court abused its discretion in failing to appoint a guardian ad litem for the child.

**{¶18}** The second assignment of error is sustained.

{¶19} The judgment of the Guernsey County Common Pleas Court, Juvenile Division, is reversed, and this case is remanded to that court for further proceedings according to law, consistent with this opinion.


By: Hoffman, J.

Delaney, P.J.  and

King J. concur